UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY JURON JOHNSON,

    Petitioner,

v.

CASE NO. 18--13338
HONORABLE AVERN COHN

HEIDI WASHINGTON,

    Respondent.
_____/

## MEMORANDUM AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (Docs. 13, 15)[1]

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. In 2014, Rodney Juron Johnson ("Petitioner") pleaded guilty to delivery/manufacture of 50 to 449 grams of cocaine and possession of a firearm during the commission of a felony in state court and was sentenced to consecutive terms of one to 20 years imprisonment and two years imprisonment on these convictions in 2014.[2] Petitioner, proceeding pro se, raises claims concerning the effectiveness of counsel, the validity of a search and seizure, the conduct of the prosecutor, the state court's jurisdiction, and his confrontation rights relative to an informant.

Before the Court is Respondent's motion to dismiss the petition as untimely

---

[1]Doc. 13 is Respondent's motion; Doc. 15 is an amended motion.

[2]Petitioner was on parole when he instituted this action. He has since been discharged from state custody. See Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=829193.

under the one-year statute of limitations. For the reasons that follow, the motion will be granted.

## II. Procedural History

Petitioner was sentenced in 2014. He then filed an application for leave to appeal with the Michigan Court of Appeals raising claims concerning the denial of his motions to suppress evidence and to produce an informant. The court of appeals denied leave to appeal for lack of merit. People v. Johnson, No. 320676 (Mich. Ct. App. April 14, 2014). Petitioner did not further appeal to the Michigan Supreme Court.

On July 25, 2014, Petitioner filed a motion to withdraw his plea with the trial court raising claims concerning the voluntariness of his plea and the effectiveness of counsel. The trial court denied the motion on August 22, 2014. See Register of Actions, People v. Johnson, No. 13-010292-01 (Wayne Co. Cir. Ct.). Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals raising claims concerning the denial of his plea withdrawal motion, the effectiveness of counsel, and the imposition of court costs at sentencing. The court of appeals granted relief on the court costs claim, but denied leave to appeal as to the other claims for lack of merit. People v. Johnson, No. 323527 (Mich. Ct. App. Oct. 16, 2014). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising claims concerning the voluntariness of his plea, the effectiveness of counsel, the use of the informant, and evidence fabrication and tampering. The court denied leave to appeal in a standard order. People v. Johnson, 862 N.W.2d 199 (Mich. April 28, 2015).

On November 24, 2015, Petitioner filed a motion for relief from judgment with the state trial court raising claims concerning the effectiveness of counsel, the conduct of

the police, the conduct of the prosecutor and the failure to disclose evidence, the trial court's denial of his motions to produce the informant, for evidentiary hearing, and to withdraw his plea, and the state court's jurisdiction. The trial court denied the motion pursuant to Michigan Court Rule 6.508(D)(3). People v. Johnson, No. 13-010292-01 (Wayne Co. Cir. Ct. March 1, 2016). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for failure to establish that the trial court erred in denying his motion for relief from judgment. People v. Johnson, No. 333373 (Mich. Ct. App. Sept. 9, 2016). He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied because he "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." People v. Johnson, 903 N.W.2d 558 (Mich. Nov. 29, 2017).

Petitioner filed his federal habeas petition on October 25, 2018.

### III. Analysis

### A. Statute of Limitations

There is a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially

>     recognized by the Supreme Court, if the right has been newly
>     recognized by the Supreme Court and made retroactively
>     applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims
>     presented could have been discovered through the exercise of due
>     diligence.
>
>     (2) The time during which a properly filed application for State post-
>     conviction or other collateral review with respect to the pertinent judgment
>     or claim is pending shall not be counted toward any period of limitation
>     under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the prescribed time period must be dismissed. See Isham v. Randle, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); Wilson v. Birkett, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

### B. Application

Here, the Michigan Supreme Court denied leave to appeal on direct appeal on April 28, 2015. Petitioner's convictions became final 90 days later, see Jimenez v. Quarterman, 555 U.S. 113, 120 (2009) (a conviction becomes final when "the time for filing a certiorari petition expires"); Lawrence v. Florida, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on July 27, 2015. Accordingly, Petitioner was required to file his federal habeas petition by July 27, 2016, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion for relief from judgment with the state trial court on November 24, 2015. At that point, 120 days of the one-year period had expired. The one-year period was then tolled until November 29, 2017 when the Michigan Supreme Court denied leave to appeal on collateral review. The one-year period resumed the next day. The limitations period is only tolled while a petitioner has a properly filed

-4-

motion for post-conviction or collateral review under consideration, see 28 U.S.C. § 2244(d)(2), and does not begin to run anew after the completion of state post-conviction proceedings. Searcy v. Carter, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner then had 245 days, until August 1, 2018, to file his federal habeas petition. Petitioner, however, did not file his federal habeas petition until October 25, 2018 – 85 days after the expiration of the one-year limitations period. His petition is therefore untimely.

### C. Equitable Tolling/Actual Innocence

The one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004). Petitioner has not addressed the timeliness of his petition at all in his papers or argued that he is entitled to equitable tolling.

A credible claim of actual innocence may equitably toll the one-year statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); Souter v. Jones, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in Souter, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)); see also House v. Bell, 547 U.S. 518, 537-39 (2006). Petitioner makes no such showing. Furthermore, Petitioner's guilty plea belies an actual innocence claim. See Loving v. Mahaffey, 27 F. App'x 925, 926 (10th Cir. 2001) (noting that a claim of actual innocence is difficult to establish, particularly when a defendant pleads guilty); Reeves v. Cason, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005).

Petitioner's assertion that his habeas claims have merit does not establish his actual innocence.  See Craig v. White, 227 F. App'x 480, 481 (6th Cir. 2007).  Petitioner has therefore failed to establish that he is entitled to equitable tolling of the one-year period.

**IV. Conclusion**

For the reasons stated above, Respondent's motion to dismiss is GRANTED.  This petition is DISMISSED as untimely.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Where, as here, a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Id. Here, jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable.  Accordingly, a certificate of appealability is DENIED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 5/30/2019
Detroit, Michigan